WILL-O-WAY DEVELOPMENT CO v MILLS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9933. Decided May 6, 1929

Thorman & Goldman, Cleveland, for Development Co.

F Morton, Cleveland, for Mills.

SULLIVAN, J.

It is contended by able counsel for the plaintiff in error that, under the case of **Woloveck et al vs. Schueler, 19 Ohio App. Rep. 210,** the Company has a cause of action in the form of the statement of claim. It seems, however, that a demurrer was filed on the ground that the allegations were not sufficient to constitute a cause of action and the demurrer was sustained and this ruling of the lower court is here to be adjudged as a question of error.

It is conceded that there has been no tender of a deed conveying the title to the purchaser. We think this settles the vital question in the case and is deter-

minative of all others because one of the fundamental propositions of the law is that in case of contracts, no matter what form the procedure takes, full performance must be alleged and proven. That is axiomatic. It is an anomaly in the law to insist upon full performance, even in the form of the present case, of the terms of the contract on the part of the vendee and not on the part of the vendor. The suit was for the balance due upon the contract. It may or may not be collectible. If it is collectible and the money is recovered, of course, there should be a conveyance by deed and a delivery thereof in order to insure title. The present status of the case leaves that question in the air and undisposed of, and thus no real security to the purchaser of the property against whom the judgment has been entered. The eventuality might be, under such circumstances, the retention of the ownership of the land by the vendor and the purchase price thereof, and a thing which would be highly inequitable and legally impossible.

Hence, it is our judgment that the court below was correct in its ruling in sustaining the demurrer, and it is for the reason herein noted that we affirm the judgment of the court below.

Vickery, PJ, and Levine, J, concur.